IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ICC Trust, a Washington D.C. Business Trust,<br><br>        Plaintiff,<br><br>v.<br><br>Christine Zobel and John Doe Zobel, husband and wife; and DeTeMEDIAN GmbH, a foreign corporation,<br><br>        Defendants. | CV-03-282-PHX-JAT<br><br>**ORDER** |

     Pending before the Court are Plaintiff ICC Trust's Motion to Remand to Superior Court (Doc. #3) and Motion to Delay Preliminary Scheduling Conference Until the Court Has Ruled on Motion to Remand (Doc. #4) filed on February 18, 2003. Defendant DeTeMEDIAN GmbH filed an Opposition (Doc. #6) to the Motion to Remand on February 25, 2003, but Plaintiff did <u>not</u> file a Reply. For the reasons set forth below, the Court will deny the Motion to Remand and deny as moot the Motion to Delay.

**Discussion**

I. **LEGAL STANDARD**

     Under 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such

action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, which ever period is shorter.

## II. ANALYSIS

In its Motion to Remand, Plaintiff argues that "[u]nder the plain meaning of [28 U.S.C. § 1446(b)], the Notice of Removal in this matter should have been filed no later than thirty days following receipt of the verified complaint." (Mot. at 2) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998); *Miles v. Banque Paribas*, 106 F.3d 408 (9th Cir. 1997);[1] *Cantrell v. Great Rep. Ins. Co.*, 873 F.2d 1249 (9th Cir. 1989)). Plaintiff contends that "[t]his occurred on or before the date <u>the Service of Process package was sent back from Defendants to Plaintiff's counsel on October 28, 2002</u>." (*Id.* at 2-3) (emphasis added). Thus, Plaintiff concludes that the Notice of Removal is untimely under 28 U.S.C. § 1446(b) because it was filed on February 12, 2003. (*Id.* at 3).

In its Opposition, Defendant correctly points out that "[i]n 1999, the U.S. Supreme Court in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) clarified the language of 28 U.S.C. § 1446(b), making it clear that the [running] of the 30 days for the filing of the notice of removal begins with the <u>proper service</u> of the summons and complaint on the defendants." (Opp'n at 1-2) (emphasis added). Thus, because Plaintiff acknowledges that proper "[s]ervice was completed on Defendant[] on January 22, 2003" (*see* Mot. at 2), the February 12, 2003 Notice of Removal was <u>timely filed</u> under 28 U.S.C. § 1446(b). *See Murphy Bros.*, 526 U.S. at 354. Moreover, "original subject matter jurisdiction for copyright claims lies exclusively with the federal district courts." (*Id.* at 2) (citing 28 U.S.C. § 1338(b)).[2]

---

[1] The Court notes that *Miles* is an unpublished disposition that should <u>not</u> have been cited to the Court.

[2] Defendant does not admit that Plaintiff has sufficiently stated a copyright claim. (*Id.* at 2 n.2).

1     **IT IS THEREFORE ORDERED** that Plaintiff ICC Trust's Motion to Remand to Superior Court (Doc. #3) is **DENIED**.[3]

    **IT IS FURTHER ORDERED** that Plaintiff ICC Trust's Motion to Delay Preliminary Scheduling Conference Until the Court Has Ruled on Motion to Remand (Doc. #4) is **DENIED** as moot.

    DATED this 7 day of April, 2003.

                                      James A. Teilborg
                                      United States District Judge

---

[3] Exercising its discretion, the Court declines to sanction Plaintiff or its counsel for seeking to remand a copyright claim to state court and failing to cite *Murphy Bros.*, which is controlling law.

- 3 -