map

United States District Court
for the District of Arizona
September 3, 2003



SEP 03 2003

NOTICE OF REASSIGNMENT

Title: ICC Trust v. Zobel

Case No. 2:03-cv-00282 - DGC

DEPUTY

DOCKET ENTRY

The Court has ORDERED that effective September 15, 2003, the above captioned matter is reassigned to Judge David G. Campbell for all further proceedings. Any hearing, conference, or trial scheduled to be held between 9/15/03 and 9/30/03 is vacated. All other matters remain as scheduled. It is FURTHER ORDERED that counsel review and comply with the attached Instruction from Judge David G. Campbell. All further pleadings and papers filed in this action on or after 9/15/03 should bear the complete case number and judges initials, as shown above. (cc: all counsel/DGC/ JAT) [29-1]

CASE ASSIGNED TO:
        Hon. David G Campbell, Judge



## INSTRUCTIONS CONCERNING TRANSFERRED CASES

Effective September 15, 2003, this case will be reassigned to the Honorable David G. Campbell. As a result of this reassignment, the Court orders as follows:

A. **Hearings.** All hearings scheduled between September 15 and September 30, 2003, are hereby vacated. These hearings will be rescheduled as soon as possible. Unless otherwise notified by the Court, counsel should assume that hearings set for a date after September 30, 2003, will proceed as scheduled.

B. **Status report.** On or before **September 19, 2003**, the parties shall confer and jointly file a document titled "September 2003 Status Report." The Status Report shall not exceed five (5) pages and shall address the following subjects in the following order:

1. **Parties, prospective parties, and counsel.** Identify all parties, all potential parties, and all counsel. If a party is a corporation, identify any parent corporation.

2. **Nature of the case.** Briefly describe the nature of the dispute, including all claims, counterclaims, and cross-claims.

3. **Pleadings.** State whether all responsive pleadings have been filed and served, including answers, counterclaims, cross-claims, responses to counterclaims, and responses to cross-claims. State whether amendment to any pleading is anticipated.

4. **Rule 16(b) conference.** State whether a Rule 16(b) scheduling conference has been held or scheduled. If no such conference has been held or scheduled, please explain why.

5. **Discovery.** Describe discovery completed to date and discovery yet to be completed. Identify any discovery cut-off dates established in the litigation and the specific Order by which they were established.

6. **Motions.** Identify any motion that has been filed but remains unresolved,

1

including the status of briefing and whether a hearing has been set. State whether a deadline has been set for dispositive motions and identify the specific Order which set the deadline.

7. **Trial**. If a trial date has been set, identify the date of the trial, its anticipated length, whether a jury has been demanded, and whether a final pretrial conference has been scheduled. Identify any Order that establishes these dates.

8. **Settlement**. Describe the status of settlement talks.

9. **Rescheduling of September hearings**. The Court has vacated all civil case hearings scheduled between September 15 and September 30, 2003. If the parties believe that the urgency of a vacated hearing requires that it be rescheduled during the month of October 2003, the parties shall so state and identify dates during October when they would not be available for a hearing.

10. **Additional information**. Provide any additional information that will assist the Court in understanding and managing this case.

C. <u>Discovery Disputes.</u> If a discovery dispute arises, the parties shall not file written discovery motions, but instead shall jointly call Judge Campbell's chambers to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference. If the Court does not decide the matter during the telephone conference, it may order written briefing. Parties shall not brief discovery disputes without leave of Court, and shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort. Any briefing ordered by the Court shall comply with Local Rule 1.10(j).

_____
David G. Campbell
United States District Judge

2