IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ICC Trust,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Christine Zobel and John Doe Zobel, husband and wife; DeTeMEDIAN GmbH, a foreign corporation; and Jane Does and XYZ entities I-X,<br><br>　　　　Defendants. | CV 03-282-PHX-DGC<br><br>**ORDER** |

　　The Court has reviewed the voluminous assortment of motions and other pleadings the parties have filed in this case to date. Most of them were triggered by the default judgment Plaintiff obtained from the Clerk on March 12, 2003. The Court has reviewed the motions related to the default judgment and the correspondence on which it was based. The Court concludes that it cannot permit default to be entered on the basis of one party's unilateral rescission of an extension of time to respond to the complaint and the other side's unilateral rejection of that rescission. The merits of lawsuits generally should not be resolved on the basis of squabbling among lawyers, even unnecessary squabbling, as appears to be the case here. The Court finds good cause to set aside the default judgment under Rule 55(c) of the Federal Rules of Civil Procedure and accordingly will grant DeTeMEDIAN's motion to set aside entry of default (Doc. # 11). Because the disputed subpoena is related to this issue

and is now unnecessary, the Court will also grant the motion to quash the subpoena and the related document request (Doc # 21).

Among the remaining collection of motions, the truly substantive issues appear to be whether this Court has personal jurisdiction over the Defendants and whether Plaintiff has failed to state claim for relief, both of which are raised in DeTeMEDIAN's motion to dismiss dated March 24, 2003 (Doc. # 12). This motion will be addressed at oral argument on November 26, 2003 at 1:30 p.m. The hearing will also address ICC Trust's application for the entry of default judgment as to Christine Zobel (Doc. # 31).

The Court finds the remaining motions to be largely unnecessary skirmishing or premature requests for sanctions. These motions will all be denied. The November 26th hearing will address what additional issues, if any, should be addressed by motion, as well as the establishment of a schedule for completion of this litigation, if necessary after resolution of the motion to dismiss.

**IT IS THEREFORE ORDERED** that DeTeMEDIAN's motion to set aside entry of default pursuant to Rule 55(c) (Doc. # 11) and motion to quash subpoena and deny request for production of documents (Doc. # 21) are **granted**.

**IT IS FURTHER ORDERED** that the Court **denies** each of the following motions:

(1) DeTeMEDIAN's Motion for Rule 11 Sanctions dated March 19, 2003 (Doc. #10);

(2) ICC Trust's motion to strike parole evidence of purported stipulation dated March 28, 2003 (Doc. # 14);

(3) ICC Trust's motion to strike DeTeMEDIAN's motion to dismiss dated April 7, 2003 (Doc. # 16);

(4) DeTeMEDIAN's motion for expedited ruling on its motion to quash dated April 25, 2003 (Doc. # 22);

(5) ICC Trust's motion to strike declaration of Steven Weinberg dated May 1, 2003 (Doc. # 23); and

(6) DeTeMEDIAN's motion to file addendum to the reply in support of its motion for Rule 11 sanctions dated May 1, 2003 (Doc. # 24).

**IT IS FURTHER ORDERED** that the parties shall be prepared at the November 26, 2003 hearing to address scheduling issues in this case. A copy of the Court's standard Case Management Order can be found on the Court's website at www.azd.uscourts.gov under Judicial Officer Information and Judge Campbell

DATED this 20th day of November, 2003.

_David G. Campbell_
David G. Campbell
United States District Judge