

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ICC Trust, a Washington D.C. Business Trust,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Christine Zobel and John Doe Zobel, husband and wife; DeTeMEDIEN GmbH, a foreign corporation; Jane and John Does and XYZ Entities I-X,<br><br>　　　　　Defendants. | No. CV 03-0282-PHX-DGC<br><br>**ORDER** |

Plaintiff ICC Trust alleges that Defendants Christine Zobel and DeTeMEDIEN GmbH ("DeTeMEDIEN") have infringed its rights to the domain name "www.yellowpages.info." Plaintiff's complaint asserts claims for declaratory judgment, conversion, injunctive relief, copyright infringement, and unfair competition. Pending before the Court are DeTeMEDIEN's Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(2), (6) dated March 24, 2003 (Doc. #12) and Plaintiff's Application for the Entry of Default Judgment against Ms. Zobel dated October 7, 2003 (Doc. #31). Oral argument was held on November 26, 2003. Following argument the Court requested additional briefing on whether DeTeMEDIEN had waived its jurisdictional argument. For the reasons set forth below, the Court will now grant DeTeMEDIEN's Motion to Dismiss and deny Plaintiff's Application for Default Judgment.

## I. PERSONAL JURISDICTION.

### A. Waiver of the Personal Jurisdiction Defense.

DeTeMEDIEN, a German entity, argues that the Court cannot assert personal jurisdiction over it. Plaintiff argues that DeTeMEDIEN waived this defense by filing a motion for Rule 11 sanctions five days before seeking dismissal for lack of personal jurisdiction.

"A defense of lack of jurisdiction over the person . . . is waived . . . if it is neither made by motion under [Rule 12] nor included in a responsive pleading[.]" Fed. R. Civ. P. 12(h)(1). See Peterson v. Highland Music, Inc., 140 F.3d 1313, 1318 (9th Cir. 1998). "Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation." Id. (defendants who engage in "deliberate, strategic behavior" may waive a personal jurisdiction defense) (citations omitted). See also Wright v. Interbank Capital Inc., No. 99-0091, 1999 WL 354516, at * 3 (N.D. Cal. May 19, 1999) (defendants waived personal jurisdiction and venue defenses when they sought affirmative relief prior to filing objections to jurisdiction and venue); Martinez v. JLM Indus. de Venezuela, C.A., 799 So.2d 364, 365 (Fla. Ct. App. 2001) (defendants waived jurisdictional defense by filing emergency motion to dissolve writ of attachment, assess sanctions, and dismiss action for failure to file a bond).

Although DeTeMEDIEN sought Rule 11 sanctions five days before asserting the personal jurisdiction defense, the Rule 11 motion was itself based on a lack of personal jurisdiction. The motion specifically complained that Plaintiff had filed and served the complaint "without first conducting a reasonable investigation of the alleged grounds for Plaintiff's assertion of *in personam* jurisdiction over [DeTeMEDIEN] in this district and/or state." DeTeMEDIEN also raised the jurisdictional issue in correspondence sent to Plaintiff before the Rule 11 motion was filed. Thus, the motion itself makes clear that DeTeMEDIEN was aware of and did not intend to waive the jurisdictional defense.

The Ninth Circuit has not addressed the effect of filing a Rule 11 motion before

asserting a jurisdictional defense. Other courts have found that the simultaneous assertion of a Rule 11 motion with Rule 12 defenses or subsequent assertion of a Rule 11 motion after Rule 12 defenses does not waive the jurisdictional objection. *See Howard v. Klynveld Peat Marwick Goerdeler,* 977 F.Supp. 654, 659 (S.D.N.Y. 1997) ("Requests for affirmative relief, such as sanctions or attorneys' fees, do not waive a jurisdictional objection where, as here, those objections have been asserted prior to or simultaneously with the request for affirmative relief.") (citations omitted); *see also Hancock v. Hitt,* No. 98-960, 1998 WL 345392, at *8 (N.D. Cal. June 19, 1998); *Levine v. FDIC,* 2 F.3d 476, 478 (2d Cir. 1993). Here, although DeTeMEDIEN did not file a simultaneous motion to dismiss, it did simultaneously raise the jurisdictional issue.

During oral argument, Plaintiff's counsel characterized DeTeMEDIEN's Rule 11 motion as being tantamount to an answer and counterclaim. He noted that the motion asserted responses to most of the allegations in the Plaintiff's complaint. An answer and counterclaim that asserted a lack of personal jurisdiction would be sufficient to preserve the defense. If the Rule 11 motion is tantamount to an answer and counterclaim, as plaintiff suggests, then it too should be viewed as preserving the defense.

For these reasons, the Court finds DeTeMEDIEN did not waive its personal jurisdiction defense when it filed the Rule 11 motion. Plaintiff clearly was on notice of DeTeMEDIEN's jurisdictional objections, and courts have held that such notice is sufficient to preserve the defense. *See Boss Prods. Corp. v. Tapco Int'l. Corp.,* No. 00-CV-0689, 2001 WL 135819, at *1 (W.D.N.Y. Feb. 16, 2001) (defendant did not waive jurisdictional defense because plaintiff was on notice, by defendant's denial of a paragraph in the complaint asserting jurisdiction, that defendant contested personal jurisdiction).

### B. Personal Jurisdiction

#### 1. General Personal Jurisdiction.

Personal jurisdiction may be either general or specific. General personal jurisdiction exists when a defendant has "substantial" or "continuous and systematic" contacts with the

forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Plaintiff does not contend that DeTeMEDIEN has had such contacts with Arizona, nor could the pleadings in this case support such a conclusion. DeTeMEDIEN is a German corporation engaged in the compilation and publication of communication directory products for German speakers. It does not do any business in Arizona, much less continuous and systematic business.

## 2. Specific Personal Jurisdiction.

Specific jurisdiction exists when three elements have been satisfied: (1) the Defendant has performed some act or consummated some transaction with the forum state or otherwise purposely availed itself of the privilege of conducting activities in the forum state, (2) the specific claim asserted in the case arises out of or results from the Defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Plaintiff has presented no evidence that DeTeMEDIEN has satisfied the first prong of this test. Indeed, no DeTeMEDIEN contacts with Arizona are even identified.

The first prong may nonetheless be satisfied under some circumstances if the Defendant has deliberately produced adverse effects for the plaintiff in Arizona. *See Calder v. Jones*, 465 U.S. 783 (1984). Concern has been expressed that *Calder*'s "effects" test, without more, would subject a defendant to jurisdiction in any state where the effects of its wrongful acts were felt, no matter how remote or unrelated the state might be. For this reason the Ninth Circuit has concluded that "something more" than a mere detrimental effect must exist before personal jurisdiction will be warranted. The "something more" exists when the defendant's actions were "aimed" at the forum state. To meet the effects test in this circuit, therefore, "the Defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the Defendant knows is likely to be suffered in the forum state." *Bancroft*, 223 F.3d at 1087; *see also Panavision Int'l. L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir.1998).

- 4 -

1    Plaintiff has produced no evidence to suggest that DeTeMEDIEN has committed an
2 intentional act that was expressly aimed at Arizona and caused harm here. To the contrary,
3 Plaintiff alleges only that DeTeMEDIEN maintains a website in Germany that uses
4 "www.yellowpages.info." The Ninth Circuit has held that mere maintenance of a website
5 in another forum does not grant personal jurisdiction to Arizona courts. *See Cybersell, Inc.*
6 *v. Cybersell, Inc.,* 130 F.3d 414 (9th Cir.1997).
7    The Court's conclusion that Plaintiff has failed to establish personal jurisdiction over
8 DeTeMEDIEN is reinforced by the fact that DeTeMEDIEN is a German corporation. *See*
9 *MacConnell v. Schwamm,* No. 00-CV-0439, 2000 WL 1409758, at *6 (S.D. Cal. July 25,
10 2000) ("Great care and reserve should be exercised when extending our notions of personal
11 jurisdiction into the international field.") (citing *Asahi Metal Industry Co., Ltd. v. Super. Ct.*
12 *of Cal.,* 480 U.S. 102, 115 (1987)).

13    **C. In Rem or Quasi In Rem Jurisdiction.**
14    Plaintiff also asserts the Court has *in rem* or *quasi in rem* jurisdiction because the situs
15 of the domain name Plaintiff owns is in Arizona. The Court has two problems with this
16 argument.
17    First, even if the location of a domain name was deemed to be where the owner of the
18 name resides, the evidence presented by Plaintiff shows that it does not own the name at
19 issue in this case. The default judgment under which Plaintiff claims ownership concerns
20 "www.yellowpage.info," not "www.yellowpages.info."
21    Second, Plaintiff cites no Internet-specific law to support its contention that a domain
22 name resides where the owner is located. The only law the Court has found on that issue is
23 the Anticybersquatting Consumer Protection Act of 1999 ("ACPA"), which "is comprised
24 of two avenues for pursuing defendants in trademark actions. The first, 15 U.S.C. §
25 1125(d)(1), provides for an *in personam* civil action against violators of the Act. The second,
26 15 U.S.C. § 1125(d)(2), creates the option of proceeding in rem against the domain names
27 themselves to counter the unlawful activity of foreign-resident cybersquatters." *Standing*
28

*Stone Media, Inc. v. Indiancountrytoday.com,* 193 F.Supp.2d 528, 532 (N.D.N.Y. 2002).

An *in rem* action under the ACPA, however, is proper only in the district where the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located. *See* Section 1125(d)(2)(A), (C).[1] *See also America Online, Inc. v. Aol.Org,* 259 F.Supp.2d 449, 451 (E.D.Va. 2003) (noting that jurisdiction was proper in that district because the domain name registry is located in that district) (citing 15 U.S.C. § 1125(d)(2)(A)); *FleetBoston Financial Corp. v. FleetBostonFinancial.com,* 138 F.Supp.2d 121, 135 (D.Mass. 2001) (dismissing for lack of jurisdiction because the ACPA allows a plaintiff to bring an in rem action only in the judicial district in which the registrar, registry, or other domain name authority is located); *Mattel, Inc. v. Barbie-Club.com,* No. 00 Civ. 8705, 2001 WL 436207, at *3 (S.D.N.Y. May 1, 2001) (accord). Plaintiff has not shown that any domain name authority is located in Arizona, and the Court's research suggests otherwise.[2] Thus, even if the ACPA applied to this case, *in rem* jurisdiction could not be

---

[1] "The functions of a 'registrar' and 'registry' are distinct. A registry is the single official entity that maintains all official records regarding registrations in the TLD (top level domain). Thus, there is only one official registry for each TLD, such as '.com,' '.org,' and '.edu.' By contrast, a registrar is one of several entities, for a given TLD, that is authorized by ICANN [Internet Corporation for Assigned Names and Numbers] to grant registration of domain names to registrants." *Cable News Network L.P., L.L.L.P. v. CNNews.com,* 162 F.Supp.2d 484, 486 (E.D.Va. 2001) (ellipsis, citation, and some internal quotations omitted), *aff'd in relevant part, vacated in part,* No. 02-1112, 2003 WL 152846, at *2 (4th Cir. Jan. 23, 2003). *See also Globalsantafe Corp. v. Globalsantafe.com,* 250 F.Supp.2d 610, 614 (E.D. Va. 2003) (discussing the registry and a registrar for the ".com" top level domain) (citing *Cable News, supra*).

[2] According to the ICANN website, Afilias Limited is the official ".info" registry which maintains all records worldwide for registrations in the ".info" top level domain. *See* ICANN, *Frequently Asked Questions, available at* http://www.icann.org/faq/#regrules; Afilias Limited, *available at* http://www.afilias.info. Afilias Limited is located in Newtown, Pennsylvania. *See* Root Zone Whois Information, *available at* http://www.iana.org/root-whois/info.htm. The Afilias Limited website identifies Register.com, Inc. as the individual registrar for "www.yellowpages.info." *See* Afilias Limited, *Sponsoring Registrar I.D.s, available at* http://www.afilias.info/whois_search/sponsoring_registrars. Register.com, Inc. is located in New York. *See* Register.com, Inc., *available at* http://www.register.com.

asserted in Arizona.

## II. APPLICATION FOR ENTRY OF DEFAULT AS TO MS. ZOBEL

Plaintiff seeks the entry of a default judgment against Ms. Zobel, who was allegedly served in Germany but has failed to appear in this matter. The Ninth Circuit has identified seven factors which courts may consider in exercising discretion as to the entry of a default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible.") (citing 6 *Moore's Federal Practice* ¶ 55-052, 55-24 to 55-26).

The Court will not exercise its discretion to enter a default judgment against Ms. Zobel because there appear to be numerous deficiencies in Plaintiff's case against her.

First, based on the analysis set forth above, it appears doubtful that Plaintiff could establish *in personam* jurisdiction over Ms. Zobel.

Second, even assuming a domain name could be protected via copyright law, Plaintiff has not alleged that it secured registration for such a claim prior to commencement of suit, a prerequisite under Section 411(a) of the U.S. Copyright Act, 17 U.S.C. § 411.

Third, as also noted above, the allegations in the complaint are premised on Plaintiff's ownership of "www.yellowpages.info," while the state court judgment on which Plaintiff relies is actually for "www.yellowpage.info," an entirely different web address. Plaintiff offers no factual basis for its purported rights to "www.yellowpages.info."

Fourth, the Ninth Circuit has recognized that "the term 'yellow pages' has been found to be a generic term for 'a local business telephone directory alphabetized by product or service.'" *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.,* 198 F.3d 1143, 1147 (9th Cir. 1999) (citing *AmCan Enters., Inc. v. Renzi,* 32 F.3d 233, 234 (7th Cir. 1994)).

Because a generic term cannot become a trademark, it is unlikely Plaintiff would be able to establish the trademark protection of "www.yellowpages.info" even if it could somehow establish ownership. *See id.* (affirming the district court's finding that "Filipino Yellow Pages" was not protected under trademark law).

Fifth, Plaintiff's counsel conceded during oral argument that the generic nature of the term "yellow pages" defeats its federal unfair competition claim. Plaintiff's state unfair competition claim similarly will fail. *See Fairway Constructors, Inc. v. Ahern*, 970 P.2d 954, 956, 193 Ariz. 122, 124 (Ariz. Ct. App. 1999).

The Court will exercise its discretion to deny the requested default judgment. The foregoing deficiencies convince the Court that such a judgment should not be entered against Ms. Zobel.

**IT IS HEREBY ORDERED** that the DeTeMEDIEN's Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(2), (6) dated March 24, 2003 (Doc. #12) **is granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Application for the Entry of Default Judgment as to Ms. Zobel dated October 7, 2003 (Doc. #31) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff shall, by January 30, 2004, file a memorandum not to exceed 10 pages in length to show cause why the claims against Ms. Zobel should not be dismissed for lack of personal jurisdiction. No response or reply shall be filed unless ordered by the Court.

DATED this 20th day of January, 2004.

_____
David G. Campbell
United States District Judge