FILED ___ LODGED
RECEIVED ___ COPY

AUG 1 8 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ICC Trust, a Washington D.C. Business Trust,<br><br>    Plaintiff,<br><br>vs.<br><br>Christine Zobel and John Doe Zobel, husband and wife; DeTeMEDIEN GmbH, a foreign corporation; Jane and John Does and XYZ Entities I-X,<br><br>    Defendants. | No. CV 03-0282-PHX-DGC<br><br>**ORDER** |

    Plaintiff ICC Trust alleges that Defendants Christine Zobel and DeTeMEDIEN GmbH ("DeTeMEDIEN") have infringed its rights to the domain name "www.yellowpages.info."[1] Plaintiff's complaint asserts claims for declaratory judgment, conversion, injunctive relief, copyright infringement, and unfair competition. Pending before the Court is Ms. Zobel's Motion to Dismiss Under Federal Rule of Civil Procedure 12 (Doc. #46). For the reasons set forth below, the Court will grant the Motion to Dismiss and terminate the action.

**I.    DISCUSSION.**

    Ms. Zobel contends the complaint should be dismissed because this Court has no jurisdiction over her. The Court agrees.

---

[1] In its January 22, 2004 Order (Doc. #41) ("Order"), the Court dismissed DeTeMEDIEN, a German corporation, for lack of personal jurisdiction.

Faced with a similar motion from DeTeMEDIEN, the Court found that (1) there was no general jurisdiction over DeTeMEDIEN because Plaintiff did not contend DeTeMEDIEN had "substantial" or "continuous and systematic" contacts with Arizona, the forum state, and (2) there was no specific jurisdiction over DeTeMEDIEN because Plaintiff "produced no evidence to suggest that DeTeMEDIEN has committed an intentional act that was expressly aimed at Arizona and caused harm here." *See* Order (Doc. #41) at 3-5.

The Court also rejected Plaintiff's assertion that the Court had *in rem* or *quasi in rem* jurisdiction in this matter because the situs of the domain name Plaintiff owns is in Arizona. The Court rejected that jurisdictional theory as flawed because (1) even if the location of a domain name was deemed to be where the owner of the name resides, the evidence presented by Plaintiff showed that it does not own the name at issue in this case because the default judgment under which Plaintiff claimed ownership concerned "www.yellowpage.info," not "www.yellowpages.info," and (2) Plaintiff cited no Internet-specific law to support its contention that a domain name resides where the owner is located.[2]

It is clear that the Court should grant Ms. Zobel's Motion to Dismiss for the same reasons it dismissed DeTeMEDIEN. Ms. Zobel asserts that she is not a United States citizen, has "no personal or business contacts with the State of Arizona[,]" has "no personal or real property in Arizona, . . . no post office address, no telephone address, and no personal or business residence or address in the State of Arizona[,]" has "no representatives or agents in the State of Arizona[,]" and does "not reside full or part-time in the State of Arizona." *See* Zobel Declaration, attached to Motion to Dismiss (Doc. #46).

---

[2] The only law the Court found on that issue was the Anticybersquatting Consumer Protection Act of 1999 ("ACPA"), which provides that an *in rem* action is proper only in the district where the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located. *See* 15 U.S.C. §1125(d)(2)(A), (C). Plaintiff did not establish that any domain name authority was located in Arizona, and the Court's research suggested otherwise. *See* Order (Doc. #41) at 6 n.2. Thus, the Court found that even if the ACPA applied to this case, *in rem* jurisdiction could not be asserted in Arizona. *Id.*

1  Plaintiff does not dispute these assertions, but instead contends that *in rem* jurisdiction exists because Plaintiff has "a valid, final *in rem* judgment rendered by the State of Arizona granting him the rights to the name 'yellowpages.info.'" *See* Response (Doc. #47) at 4. This is the same argument the Court rejected in its earlier Order. *See* Order (Doc. #41) at 5-6.

Because there is nothing in the record to contradict Ms. Zobel's affirmation that she has no contact with Arizona, the Court concludes that it does not have personal jurisdiction over her. *See Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000); *Panavision Int'l. L.P. v. Toeppen,* 141 F.3d 1316, 1321 (9th Cir.1998). The Court will grant Ms. Zobel's Motion to Dismiss.

The Court finds Ms. Zobel is not entitled to attorneys' fees in relation to the filing of the motion.

**IT IS HEREBY ORDERED** that Christine Zobel's Motion to Dismiss (Doc. #46) **is granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action.

DATED this 13th day of August, 2004.

_____
David G. Campbell
United States District Judge